# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


**GIOVAN ARCAMONE,**

        **Petitioner,**

**v.**                                            **Civil Action No. 1:08cv166**
                                                     **(Judge Keeley)**

**WAYNE A. PHILLIPS, Warden,**

        **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

### I.  Procedural History

The *pro se* petitioner initiated this action on August 8, 2008, by filing an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 and a Motion to Vacate Prison Disciplinary Proceedings.  In the petition, the petitioner challenges a disciplinary proceeding that resulted in the imposition of sanctions, including the loss of good time credit.

After payment of the required filing fee, the undersigned conducted a preliminary review of the file and determined that summary dismissal was not warranted at that time.  Consequently, the respondent was directed to show cause why the writ should not be granted.

On December 1, 2008, the respondent filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment.  After the issuance of a <u>Roseboro</u> Notice, the petitioner filed his response on January 12, 2009.  This case is before the undersigned for a report and recommendation pursuant to LR PL P 83.09.

## II.   The Contentions of the Parties

### A.   The Petitioner's Petition and Motion

In the motion, the petitioner asserts that he was found guilty of violating Code 297 - Phone Abuse, noncriminal.  As a result, the petitioner was sanctioned 30 days disciplinary segregation, 14 days loss of good time credit and 30 days loss of visiting privileges, suspended pending 180 days of clear conduct.  The petitioner's seeks the expungement of that report from his record, and the restoration of his good time credits, because, as he contends, he is not guilty of the charge.

### B.   The Respondent's Response

In his motion, the respondent contends that the petition should be denied and dismissed with prejudice.  In support of that request, the respondent asserts that the petitioner received all of the due process protections he was due at the disciplinary hearing.  Moreover, the respondent contends that there is some evidence to support the finding of the Disciplinary Hearing Officer ("DHO").

### C.   The Petitioner's Reply

In his reply, the petitioner raises several new issues for the Court's consideration.  First, the petitioner asserts that his due process rights were violated because the DHO refused his request to produce the records from the phone he was alleged to have misused.  In addition, the petitioner asserts that the incident report failed to inform him, with particularity, the nature of the conduct that was prohibited by Code 297.  Finally, the petitioner asserts that the language of Code 297 is vague, and failed to adequately put him on notice of the prohibited conduct.  Thus, the petitioner requests that the respondent's motion be denied.

### III. Standard of Review

#### A. Motion to Dismiss

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Care Services, Inc., v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Moreover, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

When a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits and other documents to be considered by the Court, the motion will be construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

#### B. Motion for Summary Judgment

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of

informing the Court of the basis for the motion and of establishing the nonexistence of genuine

issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the

opponent must do more than simply show that there is some metaphysical doubt as to material facts."

Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving

party must present specific facts showing the existence of a genuine issue for trial. Id. This means

that the "party opposing a properly supported motion for summary judgment may not rest upon mere

allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is

a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring

the non-moving party will not prevent the entry of summary judgment. Id. at 248. Summary

judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact

to find for the nonmoving party." Matsushita, at 587 (citation omitted).

## IV. Analysis

### A. Sufficiency of the Evidence/Due Process Violations

The Federal Bureau of Prisons ("BOP") is charged with the responsibility of administering

the federal prison system. See 18 U.S.C. § 4042. Included in this duty is the obligation to provide

for the protection, instruction and *discipline* of all persons charged with or convicted of offenses

against the United States. § 4042(a)(3). Therefore, the BOP has promulgated rules for inmate

discipline. See 28 C.F.R. § 541.10, et seq.

Moreover, prison disciplinary proceedings are not part of a criminal prosecution, therefore,

the full panoply of rights that are due a defendant in a criminal proceeding do not apply in prison

disciplinary proceedings. Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963, 2975 (1974)

("there must be mutual accommodation between institutional needs and objectives and the provisions

4

of the Constitution"). However, inmates are entitled to some due process protections. Id. Those protections include: written notice of the charges at least 24 hours before a hearing to enable the inmate to prepare a defense; to call witnesses and present documentary evidence if doing so is not an undue hazard to institutional safety, and a written explanation of the evidence relied on and reasons for disciplinary action. Id. On the other hand, an inmate does not have a right to confrontation and cross-examination, or a right to counsel. Id at 567, 570.

With regard to the petitioner's disciplinary proceedings, the following facts are undisputed:

(1) The petitioner received Incident Report Number 1658497 on October 22, 2007, charging him with violating Code 297, Use of a Telephone for Abuses Other than Criminal Activity.

(2) The incident report was delivered to the plaintiff on October 23, 2007, at approximately 1:20 p.m.

(3) Due to the severity of the offense, the Unit Disciplinary Committee ("UDC") referred the matter to the DHO with the following recommended sanctions: (1) 15 days disciplinary segregation; (2) 7 days loss of good conduct time; and (3) 180 days loss of phone privileges.

(4) On October 25, 2007, the petitioner was notified of his DHO hearing. At that time, the petitioner did not request staff representation or witnesses and acknowledged that he received a copy of the form. The petitioner also received his Inmate Rights at Discipline Hearing Form.

(5) The petitioner's DHO hearing was held on November 7, 2007, where the DHO made the following findings:

> I find that on or about October 22, 2007, at 8:10 a.m., in the West Side Visitors waiting area, at the Federal Correctional Institution, Fort Dix, New Jersey, you did commit the prohibited use of a telephone for abuses other than criminal activity.
> This decision is based on the evidence provided before me which is documented in the written report provided by the reporting employee. The employee documented,

"On 10-22-2007 at approximately 8:10am (sic) as I was departing the institution[,] I observed inmate Arcamone registration #73689-053 using the pay telephone located in the front lobby (West) visitor waiting area. I asked inmate Arcamone what he was doing on the telephone and he stated he had made a collect call. I ordered inmate Arcamone to hang up the phone and I escorted him to the lobby area where he could be constantly monitored by the lobby officer pending arrival of the Operations Lieutenant."

The DHO considered your statements, specifically, "I did not touch the phone. The phone was hanging. I picked it up and hung it up. I am sorry for I intended to try to make a call." Even though you state you did not use the phone[,] I found you have every reason to make this assertions (sic) in an effort to have the charge against you expunged. Essentially, you have everything to gain and nothing to lose in that effort. However, I found the employee involved in this incident to be more credible than yourself as he has no vested interest in you [or the] outcome of the report, and does have a legal obligation to be truthful.

Based upon the evidence provided before me, your actions are consistent with a violation Code 297-Use of telephone for abuses other than criminal activity.

Respondent's Memorandum (dckt. 18) at 3; Ex. 1 at Att. E.

In this case, it is clear that the petitioner received all the due process to which he was entitled. It is undisputed that petitioner received all of the due process safeguards delineated in Wolff. The crux of the petitioner's due process claim is that the DHO refused his request to produce the records from the phone he was alleged to have misused. Although Wolff allows for an inmate to present documentary evidence, the inmate does not have a right to present such evidence. Instead, documentary evidence is allowed only where it is not unduly hazardous to institutional safety or correctional goals.

As to the petitioner's claim that he is not guilty of the charge, disciplinary decisions comport with the requirements of procedural due process when there is "some evidence" to support the disciplinary decision by the fact finder. Superintendent, Mass. Corr. Institution v. Hill, 472 U.S. 445, 117 S.Ct. 1584 (1985). In this case, there was the documented evidence prepared by the reporting

officer, which asserts that he observed the petitioner using the pay phone.[1]  Moreover, the

documented evidence by the reporting officer asserts that the petitioner admitted that he attempted

to make a collect call.  Although the petitioner disputed the documented evidence by the reporting

officer, the DHO weighed the evidence and found the reporting employee to be more credible than

the petitioner.  Accordingly, there is clearly some evidence to support the DHO's findings and it is

not within the province of the court to reweigh the evidence, which is exactly what the petitioner

would like this court to do.

**B.   Vagueness**

"[A] law is void for vagueness if its prohibitions are not clearly defined."  Grayned v. City

of Rockford, 408 U.S. 104, 108 (1972).  Likewise, vagueness principles are applied to prison

regulations.  Meyers v. Aldredge, 492 F.2d 296, 311 (3d Cir. 1974).  However, in the prison context,

those principles are also viewed in light of the "legitimate needs of prison administration."  Id.

Moreover, so as not to undermine the authority of prison officials, federal courts have generally

deferred the interpretation of prison rules to prison officials, "unless fair notice was clearly lacking."

Id.

Here, the petitioner asserts that the regulation under which he was charged, Code 297, is

vague.  Code 297 states:

> Use of the telephone for abuses other than criminal activity (e.g., circumventing
> telephone monitoring procedures, possession and/or use of another inmate's PIN
> number, third-party calling; third-party billing; using credit card numbers to place
> telephone calls; conference calling; talking in code).

---

[1] "The reporting officer and other adverse witnesses need not be called if their knowledge of the
incident is adequately summarized in the Incident Report and other investigative materials supplied to the
DHO." 28 C.F.R. § 541.17(c) (

7

See Program Statement 5270.07, Chapter 4, Page 9. There is nothing vague about Code 297. It clearly states that using the telephone for abuses other than criminal activity, including circumventing telephone monitoring procedures, which is essentially what the petitioner is alleged to have done, is a disciplinary violation. Moreover, the common meaning of the phrase "use of the phone," would include picking up the receiver and attempting to make a collect call. However, the Court agrees that simply picking up a dangling receiver and placing it back on the hook does not constitute "use of the phone" in these circumstances, and if that had been what the petitioner was charged with, the regulation might be concerned vague. Nevertheless, that is simply not what the petitioner was found guilty of having done. The DHO found that the petitioner actually picked up the receiver and attempted to make, or did make, a telephone call without authorization. Such actions clearly violate regulation 297 and the petitioner had fair notice that such action could result in disciplinary proceedings. The fact the petitioner disputes that he took that particular action was addressed in the prior section and is not a proper ground for the Court to consider. Accordingly, the petitioner was clearly on notice that making an authorized telephone call violates Code 297 and Code 297 is not vague under these particular circumstances.

## V. Recommendation

Based on the foregoing, the undersigned recommends that the respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (dckt. 17) be **GRANTED**, the petitioner's Motion to Vacate Prison Disciplinary Proceedings (dckt. 2) be **DENIED**, and the petitioner's § 2241 petition (dckt. 1) be **DENIED** and **DISMISSED WITH PREJUDICE** from the active docket of this Court.

Within ten (10) days after being served with a copy of this Opinion/Report and

Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: January 21, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE